UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| COMMUNICATIONS WORKERS OF AMERICA, AFL-CIO | CIVIL ACTION |
| VERSUS | NO. 22-1310 |
| ADT SECURITY SERVICES, INC. | SECTION "R" (4) |

### ORDER AND REASONS

Before the Court is defendant ADT Security Services, Inc.'s motion to dismiss plaintiff Communications Workers of America, AFL-CIO's complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6).[1] Plaintiff opposes defendant's motion.[2] For the following reasons, the Court DENIES defendant's motion.

### I. BACKGROUND

This case arises from a dispute over the scope of the arbitration provision in the collective bargaining agreement (the "CBA") between plaintiff, a labor union that represents certain of defendant's employees, and defendant.

---

[1] R. Doc. 10.
[2] R. Doc. 13.

The CBA contains a "Mutual Recognition of Rights" provision at Article 1, Section 1, in which defendant formally recognizes plaintiff as the exclusive bargaining representative for a subset of defendant's employees. That section provides:

> The EMPLOYER hereby recognizes the UNION as the exclusive bargaining representative with respect to rates of pay, wages, hours and other conditions of employment for the employees in the bargaining unit for whom the UNION was certified by the National Labor Relations Board . . . including all full-time and regular part-time employees classified by the EMPLOYER as Servicemen and/or Installers employed by the EMPLOYER at the facilities located in the State of Louisiana[.][3]

Article 1, Section 1 goes on to explain that the bargaining unit "exclud[es] all other employees, classified by [defendant] as Guards, office clerical employees, professional employees, assistant managers, supervisors, relief supervisors, foremen, assistant foremen, chief clerks, and all other supervisors as defined in the Act."[4]

The CBA also outlines a "Grievance Procedure" consisting of three steps the parties must follow in the event of "a violation of the express terms of the [CBA]."[5] If the grievance is "not adjusted satisfactorily in Step 3, the grievance shall be subject to arbitration as provided in Article 5."[6] Article 5,

---

[3]   R. Doc. 1-3 at 3 (CBA).
[4]   *Id.* at 3.
[5]   *Id.* at 6-7.
[6]   *Id.* at 7.

which governs arbitration under the CBA, provides that unresolved grievances "involving and limited to the interpretation and application of any specific provision of this agreement" may be submitted to arbitration by either party.[7] Article 5 also lists a series of issues that "shall not be arbitrable," including changes in business practice; matters involving capital expenditures; and disputes regarding the plans covering pensions, disability benefits, and health and death benefits.[8] None of the express exceptions to arbitration in Article 5 is applicable here.

This case involves a grievance that defendant "fail[ed] to apply the CBA to employees hired by [defendant] into the bargaining unit covered by the CBA."[9] Plaintiff alleges that after the grievance was initiated, the parties "conferred at the first and second step of the grievance procedure," but they were ultimately "unsuccessful in resolving the grievance."[10] Plaintiff "referred the grievance to the third step of the [grievance] procedure," at which point defendant "denied the grievance."[11]

---

[7]    *Id.*
[8]    *Id.* at 8.
[9]    R. Doc. 1 at 2 ¶ 5.
[10]   R. Doc. 1 at 2-3 ¶ 5.
[11]   *Id.* at 3 ¶ 5.

3

Plaintiff then referred the grievance to arbitration and received a panel of arbitrators.[12] Consistent with Article 5 of the CBA, plaintiff contacted defendant to begin the process of selecting an arbitrator, but defendant allegedly "would not schedule a time to proceed with the selection process."[13] Defendant ultimately informed plaintiff that it refused to arbitrate the grievance. Plaintiff alleges that it has tried to convince defendant to arbitrate, but that defendant has continued to refuse.[14] Plaintiff contends that defendant's failure to arbitrate the grievance violates Article 5 of the CBA.[15] Accordingly, plaintiff's complaint seeks a permanent injunction to compel defendant to submit the underlying grievance to arbitration.[16]

Defendant moved to dismiss plaintiff's complaint on the grounds plaintiff's grievance is not arbitrable.[17] Defendant contends that although there is a general presumption of arbitrability when collective bargaining agreements contain arbitration clauses, that presumption can be rebutted if the grievance falls within an exception to the parties' agreement to

---

[12] *Id.* ¶ 6.
[13] *Id.* ¶ 7.
[14] *Id.* ¶ 8.
[15] *Id.* at 4 ¶ 10.
[16] *Id.* ¶ 11.
[17] R. Doc. 10-1 at 7-9.

4

arbitrate.[18] It argues that Article 1, Section 4 of the CBA creates such an exception.[19] That section provides:

> The Union will not file grievances or petition the NLRB, or any other state or federal agency, seeking clarification of the bargaining unit. If any member of the bargaining unit or the Union petitions the NLRB seeking unit clarification, the Union will support ADT's position, seeking dismissal, before the board.[20]

Defendant contends that plaintiff's grievance, which plaintiff characterizes as a breach of contract dispute, actually seeks to clarify the bargaining unit in contravention of Article 1, Section 4.

Plaintiff argues that its grievance does not seek clarification of the bargaining unit.[21] Rather, it challenges defendant's failure to apply the CBA to its newly hired employees in violation of Article 1, Section 1.[22] Plaintiff contends that the grievance thus involves "the interpretation and application of" the CBA, which squarely fits within the scope of the arbitration provision.[23]

The Court considers the parties' arguments below.

---

18    *Id.*
19    *Id.* at 2.
20    R. Doc. 1-3 at 4.
21    R. Doc. 13 at 3.
22    *Id.*
23    *Id.* at 9.

5

## II.   LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. The Court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 239, 244 (5th Cir. 2009). But the Court is not bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

On a Rule 12(b)(6) motion, the Court must limit its review to the contents of the pleadings, including attachments. *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014). The Court may also consider documents attached to a motion to dismiss or an opposition to that motion when the documents are referred to in the pleadings and are central to a plaintiff's claims. *Id.* "In addition to facts alleged in the pleadings, however, the district court 'may also consider matters of which [it] may take judicial notice.'" *Hall v. Hodgkins*, 305 F.

App'x 224, 227 (5th Cir. 2008) (citing *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017-18 (5th Cir. 1996)).

## III. DISCUSSION

"The courts' role is very limited when deciding issues of arbitrability." *Paper, Allied-Industrial, Chem. and Energy Workers Int'l Union Local No. 4-2001 v. ExxonMobil Refining & Supply Co.*, 449 F.3d 616, 619 (5th Cir. 2006) (quoting *Oil, Chem. & Atomic Workers' Int'l Union, Local 4-447 v. Chevron Chem. Co.*, 815 F.2d 338, 343 (5th Cir. 1987)). When a party seeks to compel arbitration pursuant to a collective bargaining agreement, a court's function "is to decide whether the claim asserted is the type of claim the parties have agreed to arbitrate." *Id.* In other words, courts are "confined to ascertaining whether the party seeking arbitration is making a claim which on its face is governed by the contract." *Id.*

Courts thus may not consider the merits of the underlying claim; rather, "even if it appears to the court to be frivolous, the union's claim that the employer has violated the collective-bargaining agreement is to be decided not by the court asked to order arbitration, but as the parties have agreed, by the arbitrator." *AT&T Techs., Inc. v. Comms. Workers of Am.*, 475 U.S. 643, 649-50 (1986). "An order to arbitrate the particular grievance

7

should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *ExxonMobil*, 815 F.3d at 620 (internal quotation marks omitted). Doubts should thus be "resolved in favor of coverage." *Id.*

Nevertheless, the presumption in favor of arbitration should be applied only when the court concludes "that arbitration of a particular dispute is what the parties intended because their express agreement to arbitrate was validly formed, is legally enforceable, and is best construed to encompass the dispute." *Granite Rock Co. v. Int'l Broth. of Teamsters*, 561 U.S. 287, 303 (2010). Accordingly, the presumption that a grievance is arbitrable may be rebutted "if the party resisting arbitration shows either (1) the existence of an express provision excluding the grievance from arbitration or (2) the 'most forceful evidence' of a purpose to exclude the claim from arbitration." *ExxonMobil*, 449 F.3d at 620 (quoting *Commc'ns Workers of Am. v. Southwestern Bell Tel. Co.*, 415 F.2d 35 (5th Cir. 1969)). This is because "[a]rbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *AT&T Techs, Inc.*, 475 U.S. at 648 (internal quotation marks omitted).

Guided by these principles, the Court turns to the instant dispute. Plaintiff argues that defendant breached Article 1, Section 1 of the CBA, the

8

mutual recognition of rights provision, by hiring employees into the bargaining unit but failing to apply the CBA to those employees. Plaintiff further alleges that defendant breached the CBA by refusing to arbitrate the grievance. On its face, plaintiff has alleged a dispute regarding "the interpretation and application of [a] specific provision of" Article 1, Section 1 of the CBA.

Defendant contends that that plaintiff's grievance is expressly excluded from arbitration by Article 1, Section 4 of the CBA, which provides that plaintiff may not initiate grievances to clarify the bargaining unit.[24] Defendant notes that plaintiff does not allege that the employees are full-time or regular part-time servicemen or installers, so there is insufficient support for plaintiff's conclusion that they are members of the bargaining unit. Defendant represents that, to the contrary, the employees plaintiff refers to in its grievance are "not employed as 'Installers' or 'Servicemen' as required to be included in the bargaining unit definition."[25] Defendant contends that plaintiff, through its grievance, wants to have an arbitrator expand the definition of the bargaining unit to include the newly hired

---

[24]    R. Doc. 10-1 at 2.
[25]    R. Doc. 10-1 at 8. These facts are not present in the complaint or the attachments thereto. Accordingly, the Court does not accept them as true for purposes of this motion.

9

employees, which is tantamount to a unit clarification in violation of Article 1, Section 4.

The National Labor Relations Board (the "NLRB") has explained that unit clarification is appropriate for resolving the following type of disputes:

> Disputes concerning the unit placement of employees who, for example, come within newly established job classifications or whose duties and responsibilities have undergone recent substantial changes which create real doubt as to whether their positions continue to fall in the category—excluded or included—that they occupied in the past.

*NLRB v. Magna Corp.*, 734 F.2d 1057, 1061 (5th Cir. 1984); *see also Union Electric Co.*, 217 NLRB No. 124, at 667 (1975) ("Unit clarification . . . is appropriate for resolving ambiguities concerning the unit placement of individuals[.]").

Accepting defendant's argument that what plaintiff truly seeks is a bargaining unit clarification would require the Court to accept defendant's factual assertion that the newly hired employees do not meet the criteria for bargaining unit membership. But plaintiff expressly alleged that the employees were "hired into the bargaining unit."[26] At the motion to dismiss stage, the Court cannot look beyond the four corners of the complaint and the attachments thereto, nor can it accept as true facts that are proffered by

---

26    R. Doc. 1 at 2 ¶ 5.

the defendant rather than those alleged in the complaint. In essence, defendant's motion asks the Court to determine the merits of the underlying grievance: whether defendant failed to apply the bargaining unit to employees who qualify for bargaining unit placement.

If defendant is correct that plaintiff will be unable to substantiate its allegations that the employees meet the criteria for bargaining unit placement, then plaintiff's allegation that defendant breached the CBA is meritless. But "even if it appears to the court to be frivolous, the union's claim that the employer has violated the collective-bargaining agreement is to be decided not by the court asked to order arbitration, but as the parties have agreed, by the arbitrator." *AT&T Techs., Inc. v. Comms. Workers of Am.*, 475 U.S. 643, 649-50 (1986). On the face of plaintiff's complaint, it has alleged a breach of the CBA, which is "the type of claim the parties have agreed to arbitrate." *Oil, Chem. & Atomic Workers' Int'l Union, Local 4-447 v. Chevron Chem. Co.*, 815 F.2d 338, 343 (5th Cir. 1987). The Court cannot say "with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *ExxonMobil*, 449 F.3d at 620 (internal quotation marks omitted). In light of the principle that doubts as to the arbitrability of disputes "should be resolved in favor of coverage,"

11

*id.*, the Court finds that plaintiff has plausibly alleged that its grievance is arbitrable.

## IV.   CONCLUSION

For the foregoing reasons, the Court DENIES defendant's motion to dismiss.

New Orleans, Louisiana, this __16th__ day of November, 2022.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE