UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| COMMUNICATIONS WORKERS OF AMERICA, AFL-CIO | CIVIL ACTION |
| VERSUS | NO. 22-1310 |
| ADT SECURITY SERVICES, INC. | SECTION "R" (4) |

### ORDER AND REASONS

Before the Court are plaintiff's and defendant's cross-motions for summary judgment.[1] Each motion is opposed.[2] For the following reasons, the Court grants plaintiff's motion for summary judgment and denies defendant's motion for summary judgment.

## I. BACKGROUND

Plaintiff Communication Workers of America, AFL-CIO ("CWA") is a labor union that represents certain employees of defendant ADT Security Services, Inc. ("ADT").[3] CWA filed a complaint in May 2022 seeking to compel arbitration under the terms of a collective bargaining agreement

---

[1] R. Docs. 22 & 23.
[2] R. Docs. 26 & 29.
[3] R. Doc. 22-2 ¶ 1.

("CBA") regarding a disagreement as to the treatment of certain hires that ADT made after the parties entered into the CBA.[4]

Article 1, Section 1 of the CBA provides:

> [ADT] hereby recognizes [CWA] as the exclusive bargaining representative . . . for the employees in the bargaining unit . . . certified by the National Labor Relations Board . . . including all . . . employees classified by [ADT] as Servicemen and/or Installers employed by [ADT] at the facilities located in the State of Louisiana; excluding all other employees, classified by [ADT] as Guards, office clerical employees, professional employees, assistant managers, supervisors, relief supervisors, foremen, assistant foremen, chief clerks, and all other supervisors as defined in the Act.[5]

Article 4 of the CBA establishes a four-step grievance procedure culminating in arbitration.[6] Article 5 governs arbitration and states that "[i]n the event that an agreement cannot be reached between the Union and the Employer with respect to a grievance involving and limited to the interpretation and application of any specific provision of this agreement, it may be submitted, on the request of either party, to arbitration."[7] Article 1, Section 4 of the CBA states that "[t]he Union will not file grievances or petition the NLRB, or any other state or federal agency, seeking clarification of the bargaining unit."[8]

---

[4] R. Doc. 1.
[5] R. Doc. 1-3 at 3.
[6] *Id.* at 6-7.
[7] *Id.* at 7.
[8] *Id.* at 4.

2

CWA's complaint alleges that it initiated a grievance "protesting ADT's failure to apply the CBA to employees hired by the Company in the bargaining unit covered by the CBA," which ADT denied at each step of the grievance procedure until CWA referred the matter to arbitration.[9] ADT refused to arbitrate the grievance, and CWA thereafter filed this action.[10]

The parties now move for summary judgment.[11] CWA argues that its grievance is committed to arbitration by the terms of the CBA as a dispute involving the interpretation and application of the agreement.[12] ADT alleges that CWA's grievance is excluded from arbitration under Article 1, Section 4 of the CBA as an attempt to seek clarification of the bargaining unit.[13]

The Court considers the motions below.

## II. LEGAL STANDARD

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069,

---

[9] R. Doc. 22-4 ¶ 6.
[10] R. Doc. 23-1 at 9-10.
[11] R. Docs. 22 & 23.
[12] R. Doc. 22-3 at 1.
[13] R. Doc. 23-1 at 16.

3

1075 (5th Cir. 1994) (en banc) (per curiam). "When assessing whether a dispute to any material fact exists, [the Court] consider[s] all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins.*, 530 F.3d 395, 398-99 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment." *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985) (quoting 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2738 (2d ed. 1983)); *see also Little*, 37 F.3d at 1075. "No genuine dispute of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *EEOC v. Simbaki, Ltd.*, 767 F.3d 475, 481 (5th Cir. 2014).

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264-65 (5th Cir. 1991) (quoting *Golden Rule Ins. v. Lease*, 755 F. Supp. 948, 951 (D. Colo. 1991)). "[T]he nonmoving party can defeat the motion" by

4

either countering with evidence sufficient to demonstrate the "existence of a genuine dispute of material fact," or by "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for resolution. *See, e.g., id.*; *Little*, 37 F.3d at 1075 ("Rule 56 'mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" (quoting *Celotex*, 477 U.S. at 322))

## III. DISCUSSION

"The courts' role is very limited when deciding issues of arbitrability." *Paper, Allied-Indus., Chem. & Energy Workers Int'l Union Loc. No. 4-2001 v. ExxonMobil Refining & Supply Co.*, 449 F.3d 616, 619 (5th Cir. 2006) (quoting *Oil, Chem. & Atomic Workers' Int'l Union, Loc. 4-447 v. Chevron Chem. Co.*, 815 F.2d 338, 343 (5th Cir. 1987)). When a party seeks to compel arbitration under a collective bargaining agreement, a court's function "is to decide whether the claim asserted is the type of claim the parties have agreed to arbitrate." *Id.* In other words, courts are "confined to ascertaining whether the party seeking arbitration is making a claim which on its face is governed by the contract." *Id.*

Courts thus may not consider the merits of the underlying claim; rather, "even if it appears to the court to be frivolous, the union's claim that the employer has violated the collective-bargaining agreement is to be decided not by the court asked to order arbitration, but as the parties have agreed, by the arbitrator." *AT&T Techs., Inc. v. Comms. Workers of Am.*, 475 U.S. 643, 649-50 (1986). "An order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *ExxonMobil*, 815 F.3d at 620 (internal quotation marks omitted). Doubts should thus be "resolved in favor of coverage." *Id.*

6

Nevertheless, the presumption in favor of arbitration should be applied only when the court concludes "that arbitration of a particular dispute is what the parties intended because their express agreement to arbitrate was validly formed, is legally enforceable, and is best construed to encompass the dispute." *Granite Rock Co. v. Int'l Broth. of Teamsters*, 561 U.S. 287, 303 (2010). Accordingly, the presumption that a grievance is arbitrable may be rebutted "if the party resisting arbitration shows either (1) the existence of an express provision excluding the grievance from arbitration or (2) the 'most forceful evidence' of a purpose to exclude the claim from arbitration." *ExxonMobil*, 449 F.3d at 620 (quoting *Commc'ns Workers of Am. v. Sw. Bell Tel. Co.*, 415 F.2d 35, 39 (5th Cir. 1969)). This is because "[a]rbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *AT&T Techs, Inc.*, 475 U.S. at 648 (internal quotation marks omitted).

Here, CWA alleges that ADT hired certain employees into the bargaining unit and failed to apply the CBA to them despite an obligation to do so in violation of Article 1, Section 1.[14] ADT alleges that Article 1, Section 4 of the CBA excludes this dispute from arbitration because it is an attempt

---

[14] R. Doc. 23-1 at 16.

to clarify the bargaining unit.[15] As this Court noted in its November 16, 2022, Order on ADT's motion to dismiss, "[a]ccepting defendant's argument that what plaintiff truly seeks is a bargaining unit clarification . . . asks the Court to determine the merits of the underlying grievance: whether defendant failed to apply the bargaining unit to employees who qualify for bargaining unit placement."[16] In other words, whether CWA is correct about ADT's obligations under Article 1, Section 1 of the CBA is inapposite to whether CWA's grievance falls within the arbitration agreement.

Here, the evidence shows that CWA "initiated a grievance . . . protesting ADT's failure to apply the CBA to employees hired by [ADT] into the bargaining unit covered by the CBA."[17] ADT characterizes this grievance as concerning "ADT's employment of non-union employees,"[18] and contends that under Louisiana's right to work laws, it could validly exclude "newly hired installation and service employees" in Louisiana from the bargaining unit and offer them compensation schemes falling outside of the CBA.[19]

---

[15] *Id.*
[16] R. Doc. 17 at 10.
[17] R. Doc. 22-4 ¶ 6.
[18] R. Doc. 23-2 ¶ 30.
[19] R. Doc. 23-1 at 16-17.

8

Whether ADT must include the newly hired installation and service employees in the bargaining unit is a question of "the interpretation and application"[20] of Article 1, Section 1 of the CBA, since, by its terms, it applies to "all full-time and regular part-time employees classified by [ADT] as Servicemen and/or Installers employed . . . in the State of Louisiana."[21] All of ADT's arguments go to the merits of the dispute because if Article 1, Section 1, does not obligate it to apply the CBA to the newly hired service and installation employees, ADT will prevail in arbitration.

Accordingly, there is no genuine issue of material fact with respect to whether (1) any express provision of the CBA excludes the grievance from arbitration or (2) there is forceful evidence of a purpose to exclude the claim from arbitration. Thus, the Court cannot say "with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute," and the dispute must be arbitrated. *ExxonMobil*, 815 F.3d at 620 (internal quotation marks omitted).

---

[20] R. Doc. 1-3 at 7.
[21] *Id.* at 3.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS plaintiff's motion for summary judgment and DENIES defendant's motion for summary judgment.

New Orleans, Louisiana, this __24th__ day of August, 2023.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE